IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA, DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | |
| ) | 10-CR-10070 |
| MASON MCMURTREY, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO SUPPRESS**

**NOW COMES** Defendant, **MASON MCMURTREY**, by and through his Attorney **MICHELLE N. SCHNEIDERHEINZE**, and moves this Court for the entry of an Order suppressing a) all items of physical evidence which were seized from the Defendant's person and from the residence located at 1514 W. Aiken Peoria, Illinois on June 17, 2010; and b) all statements, communications, admissions and confessions, whether written or oral, and whether inculpatory or exculpatory, which are alleged to have been made by Defendant to officers and agents of the City of Peoria Police Department (PPD) and the Federal Bureau of Investigation (FBI) at the time of and subsequent to his arrest on June 17, 2010.

As grounds therefore, Defendant states as follows:

1.   That at all times material and relevant, Defendant, **MASON MCMURTREY** was and is a citizen of the United States of America and had a reasonable expectation of privacy as to his person and as to the residence located at 1514 W. Aiken Peoria, Illinois and was entitled to be free from unreasonable searches thereof.

2. That at all times material and relevant, Defendant, **MASON MCMURTREY**, was and is entitled to the protections contained within the Fourth and the Fourteenth Amendments to the United States Constitution, as well as the right to due process.

3. On June 17, 2010, Officer Matthew Lane (PPD) prepared a Complaint for Search Warrant which is attached hereto as Exhibit A. The Search Warrant was accompanied by an Affidavit from an unnamed black male informant (hereinafter referred to as "John Doe").

4. In the Complaint, Officer Lane sought a search warrant covering the premises located at 1520 W. Aiken Peoria, Illinois and covering Defendant individually.

5. The June 17, 2010 Complaint described the premises as "a gray with white trim, one and one half story, single family residence, and the numbers '1520' affixed to the front of the residence, and also to include any outbuildings, and any vehicles located thereon."

6. In the June 17, 2010 Complaint, Officer Lane alleged that when he interviewed John Doe, Doe described the residence at 1520 W. Aiken as "a gray with white trim, one story, single family residence."

7. In the June 17, 2010 Complaint, Officer Lane alleged that Officer Barisch (PPD) had supervised controlled buys from a black male known as Milltown at 1520 W. Aiken.

8. In the June 17, 2010 Complaint, Officer Lane alleged that John Doe reported to him that a black male known to him as Milltown was selling crack cocaine out of 1520 W. Aiken Peoria, Illinois.

9. In his affidavit, Doe stated that he had been inside the premises located at 1520 W. Aiken on at least two occasions within the thirty days preceding June 17,

2010 and that on each occasion he witnessed Milltown in possession of crack cocaine packaged for sale.

10. According to his affidavit, Doe was driven by 1520 W. Aiken and he identified that address as the location where Milltown lived and sold cocaine.

11. Judge Lisa Wilson (Tenth Judicial Circuit, Tazewell County, Illinois) issued the search warrant on June 17, 2010 at 3:00 p.m.

12. On June 17, 2010, several City of Peoria officers proceeded to 1514 W. Aiken and entered the residence located there.

13. A video recorded by Sergeant Eddlemon (PPD) during the search of 1514 W. Aiken depicts images of the residence. The video reveals the residence had gray siding partially covered by white siding with the numbers '1514' affixed to the front of the residence.

14. The residence located at 1520 W. Aiken was not searched. The residence located at 1520 W. Aiken is a gray with white trim single family residence with the numbers '1520' affixed to the front of the residence, as shown in Exhibit B.

15. As a result of the issuance and execution of the Search Warrant on June 17, 2010, Defendant, **MASON MCMURTREY**, was charged by Indictment on June 23, 2010.

16. The search of 1514 W. Aiken was unreasonable because it was warrantless and unsupported by probable cause. Mapp v. Ohio, 367 U.S. 643 (1961).

17. In the alternative, the June 17, 2010 Search Warrant was unconstitutionally deficient in that it failed to particularly describe the residence to be searched. See Groh v. Ramirez, 540 U.S. 551, 558 (2004) (finding warrant was "so obviously deficient that we must regard the search as 'warrantless' within the meaning of our case law" where warrant failed to describe items to be seized); Massachusetts v.

Sheppard, 468 U.S. 981, 988, n. 5 (1984) ("[A] warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional").

18.    "Where a warrant is open to more than one interpretation, the warrant is ambiguous and invalid on its face and, therefore, cannot be legally executed by a person who knows the warrant to be ambiguous." Jones v. Wilhelm, 425 F.3d 455, 463 (7th Cir. 2005)(citing Maryland v. Garrison, 480 U.S. 79, 86-87 (1987)).

19.    Because the officers executing the search warrant could not have reasonably interpreted it to cover a search of 1514 W. Aiken, Plaintiff cannot claim that law enforcement personnel acted under a "good faith" belief that the Search Warrant was valid.   Groh, 540 U.S. 551, 565 (finding warrant that failed to describe items to be seized was "so facially deficient" that the executing officers could not have reasonably presumed it to be valid).

20.    As a result of the unlawful search and subsequent invalid seizure of property, law enforcement personnel became aware of the existence of evidence all of which was the direct and indirect fruits of the improper seizure and conduct, and but for the same, would not and should not have been so discovered.

21.    During the course of these events, law enforcement personnel and prosecutors were able to ascertain certain facts and information which they presumably intended to utilize in the prosecution of this cause.

22.    As a result of the unlawful search and improper seizure, Defendant, **MASON MCMURTREY**, was charged by Indictment.

23.    When evidence has been obtained in violation of a citizen's right to be free from unreasonable searches and/or seizures, the evidence should be suppressed and excluded from use at trial. Mapp v. Ohio, 367 U.S. 643 (1961).

**CONCLUSION**

**WHEREFORE**, Defendant, **MASON MCMURTREY**, by and through his Attorney, MICHELLE N. SCHNEIDERHEINZE, pray that this Court find that the June 17, 2010 search of the residence located at 1514 W. Aiken Peoria, Illinois was without probable cause and/or legal authority, and that this Court order that all evidence and fruits of evidence obtained and secured therefrom be suppressed, and for such other and further relief that is deemed just and appropriate under these circumstances.

                Respectfully submitted,

                MASON MCMURTREY, Defendant

        By: s/ Michelle N. Schneiderheinze
            MICHELLE N. SCHNEIDERHEINZE
            Attorney at Law
            2401 E. Washington Street
            Suite 300C
            Bloomington, Illinois 61704
            (309)533-7340
            (888)503-5730

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2011, I electronically filed the foregoing **MOTION TO SUPPRESS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

 s/ Michelle N. Schneiderheinze
MICHELLE N. SCHNEIDERHEINZE
Attorney at Law
2401 E. Washington Street
Suite 300C
Bloomington, Illinois 61704
(309)533-7340
(888)503-5730